UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIET HORTON, | Civil Action No. 15-7951 (MCA) |
| Petitioner, | |
| | MEMORANDUM AND ORDER |
| v. | |
| OSCAR AVILES, | |
| Respondent. | |

This matter has been opened to the Court by Petitioner Juliet Horton's, filing of a Petition for a Writ of Habeas Corpus challenging her prolonged detention pursuant to 28 U.S.C. § 2241 (ECF No. 1). It appearing that:

1. Petitioner, a former Lawful Permanent Resident ("LPR") and native of Uzbekistan, has filed a petition for habeas corpus challenging her prolonged detention, and has alleged that she is detained pursuant to 8 U.S.C. § 1226 and has been held in the custody of the Department of Homeland Security ("DHS") since March 4, 2015.

2. The Court ordered Respondent to respond to the allegations in the Petition. (ECF No. 2.) In that response, Respondent contends that Petitioner is in removal proceedings for the second time and provides the following salient facts. Petitioner was convicted on December 16, 2011, in the United States District Court for the District of Maine for use of a Counterfeit Access Device in violation of 18 U.S.C. §§ 1029(a), (c)(1)(A)(i). (Declaration of Deportation Officer Yolanda Harrison at ¶ 5.) Based on her conviction, she was sentenced to three months incarceration and thirty-six months supervised release. (*Id.*) On March 19, 2012, Petitioner was placed in removal proceedings, charging her with removability pursuant to INA § 237(a)(2)(A)(iii). (*Id.*)

1

Petitioner was ordered removed to Uzbekistan on March 28, 2012, and on June 12, 2012, the Board of Immigration Appeals ("BIA") dismissed her appeal. (*Id.*) On July 31, 2012, Petitioner was removed from the United States. (*Id.*)

3. Respondent alleges that on May 8, 2013, Petitioner sought readmission to the United States; The U.S. Customs and Border Patrol denied her admission but paroled her into the United States and ordered her to periodically report to ICE.[1] (*Id.* at ¶ 6.) The United States District Court in Maine subsequently sentenced Petitioner to nine months incarceration for violating her supervised release. (*Id.* at ¶ 8.) On March 4, 2015, Petitioner was transferred from the Bureau of Prisons to ICE custody. (*Id.* at ¶ 9.). According to Respondent, "[a]fter [Petitioner] gave a sworn statement, ICE referred her to U.S. Citizenship and Immigration services ("USCIS") for an interview in compliance with governing regulations." (*Id.* at ¶ 9.) Petitioner also filed a motion to reopen her prior removal proceedings, which was denied by the BIA on March 27, 2015. (*Id.*)

4. Respondent also states that Petitioner was "mistakenly served with a Notice of Custody Determination indicating that she was being detained under the mandatory detention provision in 8 U.S.C. § 1226(c)"; however, when Petitioner was placed in removal proceedings for a second time, the Notice to Appear informed Petitioner that she was an arriving alien and charged her with inadmissibility under INA § 212(a)(7)(A)(i)(1). (*Id.* at ¶¶ 10-11.) It appears from Respondent's response that Petitioner's second removal proceeding is still ongoing, but Respondent has not provided any information about the basis for Petitioner's challenge to her

---

[1] Although this fact is the lynchpin of Respondent's argument that Petitioner may be indefinitely detained as an arriving alien, Respondent has not provided documentation demonstrating that Petitioner was paroled, rather than admitted, into the United States.

2

removal or the bona fides of that challenge.[2] (*See id.* at ¶¶ 12-15.) On October 5, 2015, Petitioner filed a written request to be paroled out of custody, which was denied by ICE on December 14, 2015. (*Id.* at ¶ 15.) Petitioner has been detained for approximately 17 months.

5. In its opposition to Petitioner's Petition for habeas relief, Respondent contends that Petitioner is detained as an arriving alien and is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Respondent appears to take the position that because Petitioner is subject to the so-called "entry fiction," she has no due process rights and may be detained indefinitely pending the outcome of her second removal proceeding. (*See id.* at pages 9-12.) At least one District Court in this Circuit has come to a contrary conclusion in a published decision, and the reasoning in that decision appears to be in line with precedent in the Third Circuit. *See Bautista v. Sabol*, 862 F. Supp.2d 375, 381 (M.D. Pa. 2012) (rejecting "Respondent's notion that [Petitioner detained under 8 U.S.C. § 1225(b)(2)(A)] is owed no due process" and ordering bond hearing for alien detained for 26 months); *see also Rodriguez v. Robbins*, 804 F.3d 1060, 1078–85 (9th Cir. 2015) (reading a reasonableness limitation into detention pursuant to §§ 1225(b)(2)(A), 1226(a), and 1226(c) and requiring bond hearings after six months of detention under these statutes); *Maldonado v. Macias*, 150 F. Supp. 3d 788 (W.D. Tex. 2015) (finding that detention pursuant to § 1225(b)(2)(A) is subject to a reasonable time limitation).

6. Before ruling on the Petition, the Court will provide Respondent with the opportunity to address the decisions reading a reasonableness limitation into § 1225(b)(2)(A) and provide supplemental briefing as to whether Petitioner's detention has become unreasonably prolonged under the standard recently articulated by the Third Circuit in *Chavez-Alvarez v. Warden York*

---

[2] It appears from the Notice to Appear that Petitioner's challenge to her second removal is based, at least in part, on an asylum claim.

*County Prison*, 783 F.3d 469, 474, 476-77 (3d Cir. 2015) (finding under § 1226(c) that the determination of reasonableness of detention is "highly fact-specific" and explaining that Petitioner's good faith, the bona fides of Petitioner's challenge, and the reasonableness of the Government's conduct matter in determining when "a tipping point had been reached on the reasonableness of this detention"). Respondent shall also provide an update as to the status of Petitioner's second removal proceeding. Supplemental briefing may be in the form of a letter brief and is limited to 10 pages. Petitioner may also submit a response to Respondent's supplemental brief within 10 days of her receipt of Respondent's brief.

IT IS THEREFORE on this 11th day of August, 2016

**ORDERED** that Respondent shall provide a Supplemental Answer to the Petition in compliance with this Memorandum and Order within 10 days; and it is further

**ORDERED** that Petitioner may submit a reply in support of the Petition within 10 days of her receipt of Respondent's supplemental brief; and it is further

**ORDERED** that, within 7 days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve this Memorandum and Order on Petitioner by regular mail.

Madeline Cox Arleo, District Judge
United States District Court